[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Donte Booker, appeals the judgment of the Hamilton County Juvenile Court adjudicating him delinquent based upon robbery under R.C. 2911.02, a felony of the second degree had he been charged as an adult. The adjudication followed a trial before a magistrate.
In his first assignment of error, Booker maintains that he was denied the effective assistance of trial counsel. Booker argues that trial counsel was ineffective for failing to request findings of fact and conclusions of law from the magistrate, for failing to request a transcript of the trial for a judge's review, and for failing to file objections to the magistrate's decision.
To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[1] Booker must therefore show that there is a reasonable probability that, but for counsel's errors, the outcome of his case would have been different.[2]
Booker claims that had counsel filed objections with the juvenile court, he would have demonstrated that his adjudication was based upon insufficient evidence. We find no merit in this argument. In the review of the sufficiency of the evidence to support a conviction or an adjudication of delinquency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The robbery statute, R.C. 2911.02, provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall *** [i]nflict, attempt to inflict, or threaten to inflict physical harm on another ***."
In the case at bar, the state produced sufficient evidence to sustain the adjudication. At trial, the victim testified that he was selling compact discs and other merchandise at an outdoor stand in downtown Cincinnati. Booker, without permission to do so, approached the stand and took something from it. When the victim confronted him, Booker threatened the victim with a forty-ounce beer bottle. Booker then fled and was apprehended by the police while still in possession of several compact discs. The officer took Booker back to the victim, and the victim was able to identify two of the discs in Booker's possession as having been on the merchandise stand.
Although Booker cites certain alleged deficiencies in the state's evidence, such as the victim's inability to recall the titles of the compact discs, as well as certain discrepancies in the description of the merchandise's packaging, these alleged flaws in the state's case were not fatal. The evidence was such that a rational trier of fact could have found each of the elements of robbery beyond a reasonable doubt. Therefore, we hold that no prejudice was visited upon Booker by counsel's failure to file objections to the magistrate's findings or to otherwise contest the validity of the adjudication. Booker's first assignment of error is accordingly overruled.
In his second and final assignment of error, Booker challenges his adjudication as not being supported by sufficient evidence. As Booker concedes, the issue was not properly preserved for appeal pursuant to Juv.R. 40(E)(3)(b).[3] Nonetheless, for the reasons set forth in our disposition of the first assignment of error, the second assignment of error is overruled, and the judgment of the juvenile court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064.
[2] Id.; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
[3] See, also, In re Smith (Mar. 31, 1999), Hamilton App. Nos. C-980310 and C-980311, unreported.